

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-22-00195-CR
_____

THE STATE OF TEXAS, APPELLANT

V.

DANIEL CASTILLO, APPELLEE

On Appeal from the 274th District Court
Hays County, Texas
Trial Court No. CR-22-1417-D, Honorable William R. Henry, Presiding

June 13, 2023

## ORDER REINSTATING APPEAL
## AND DISMISSING FOR WANT OF JURISDICTION

Before QUINN, C.J., and PARKER and YARBROUGH, JJ.

This Court previously dismissed the State's interlocutory appeal filed pursuant to article 44.01(a)(1) of the Texas Code of Criminal Procedure for want of jurisdiction because the record did not include a signed appealable order. *See State v. Castillo*, No. 07-22-00195-CR, 2023 Tex. App. LEXIS 1279, at *2 (Tex. App.—Amarillo Feb. 28, 2023,

no pet. h.).[1]  In doing so, this Court relied on authority from the transferor court.  *See In re Alejandro-Najarro*, No. 03-21-00682-CR, 2022 Tex. App. LEXIS 3099, at *2 (Tex. App.—Austin May 10, 2022, order) (citing *State v. Davis*, No. 03-15-00616-CR, 2015 Tex. App. LEXIS 11868, at *1–2 (Tex. App.—Austin Nov. 19, 2015, no pet.) (mem. op., not designated for publication)).  *But see State v. Janssen*, 592 S.W.3d 530, 534–35 (Tex. App.—Amarillo 2019, pet. ref'd) (noting that an order may come in many forms and holding that the findings of fact and conclusions of law contained the necessary information to meet the criteria of a written order for purposes of article 44.01(a) of the Texas Code of Criminal Procedure).[2]

Despite the State having filed a premature notice of appeal reciting that "no written order ha[d] been filed or entered," by its motion for rehearing, it insisted the trial court's findings of fact and conclusions of law constituted a final appealable order.  The motion for rehearing was granted, the appeal was reinstated, the cause was abated and the appeal remanded to the trial court for the State to secure a signed written order by June 8, 2023.  *See State v. Castillo*, No. 07-22-00195-CR, 2023 Tex. App. LEXIS 3074, at *2 (Tex. App.—Amarillo May 9, 2023, order).  The order provided that failure to timely comply would result in reinstatement of the appeal and dismissal for want of jurisdiction.  *Id.*  The deadline lapsed and no final written order was provided to this Court.

---

[1] Originally appealed to the Third Court of Appeals, this appeal was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts.  TEX. GOV'T CODE ANN. § 73.001.  Should a conflict exist between precedent of the Third Court of Appeals and this Court on any relevant issue, this appeal will be decided in accordance with the precedent of the transferor court.  TEX. R. APP. P. 41.3.

[2] *See Mitschke v. Borromeo*, 645 S.W.3d 251, 254 (Tex. 2022) (holding that a "transferee court that receives an appeal 'must decide the case in accordance with the precedent of the transferor court under principles of stare decisis'" to ensure that the "transfer will not produce a different outcome, based on application of substantive law, than would have resulted had the case not been transferred").

We now reinstate the appeal and, for the reasons expressed in our initial opinion of February 28, 2023, the appeal is dismissed for want of jurisdiction due to the lack of a signed written order from the trial court.

Alex L. Yarbrough<br>
Justice

Do not publish.